UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

B. ROLAND FREASIER, JR. and ALVIN Q. JARRETT,

                      Plaintiffs,

-v-                                    No. 87 Civ. 6327 (RJS)
                                           ORDER

WILLIAM M. MULDERIG, *et al.*,

                      Defendants.

---

RICHARD J. SULLIVAN, District Judge:

     Before the Court is Defendant William M. Mulderig's motion for relief from a $4 million judgment that was entered in this matter in 1989 (the "1989 Judgment"). East Coast Atlantic Inc. ("ECA") opposes the motion and has submitted a "cross-motion" for injunctive relief. For the reasons set forth below, both applications are DENIED.

## I. Background

     In 1987, Plaintiffs filed claims against Mulderig and others in the Southern District of New York, seeking $18 million in damages in connection with a dispute over securities. (Goldstein Aff. ¶ 2.) Mulderig settled the claim by executing a Confession of Judgment in May 1988, as well as two promissory notes in which Mulderig undertook to pay Plaintiffs $4 million. (*Id.* ¶ 2 & Ex. 3.) Mulderig subsequently failed to pay the settlement amount. (*Id.* ¶ 3.)

     On May 31, 1989, the Honorable Kenneth Conboy, District Judge, ordered that the Confession of Judgment be filed and entered by the Clerk of the Court against Mulderig. (*Id.* Ex. 6.) On June 16, 1989, Judge Conboy rejected Mulderig's untimely attempt to attack the judgment, finding that Mulderig's "Affidavit in Opposition" was "inexplicably tardy . . . ,

unsupported by any legal authority, and completely unenlightnening as to its relevance to the motion." (*Id.* Ex. 7.)

Plaintiff Jarrett died on March 27, 1991. (Affidavit of T. Roy Jarrett ("Jarrett Aff.") ¶ 1.) On October 19, 2007, Jarrett's estate executed an agreement assigning the 1989 Judgment to ECA. (*Id.* ¶ 4 & Ex. D.) In January 2008, in an attempt to partially satisfy the 1989 Judgment through the sale of Mulderig's property in Suffern, New York, ECA delivered an Execution and Notice of Levy to the Sheriff of Rockland County. (Goldstein Aff. ¶ 5.) The Execution and Notice of Levy was filed in the Rockland County Clerk's Office on January 16, 2008. (*Id.*) On February 25, 2008, ECA commenced a special proceeding in the New York Supreme Court, Rockland County, seeking to sell Mulderig's interest in the Suffern property as satisfaction of the 1989 Judgment.

ECA also delivered an Execution and Notice of Levy to the Sheriff of Orange County, New York, which related to Mulderig's property in Goshen, New York. (*Id.*) On January 31, 2008, these documents were filed with the Orange County Clerk's Office. (*Id.*) On March 13, 2008, ECA commenced a special proceeding in the New York Supreme Court, Orange County, in which it sought the sale of Mulderig's Goshen property as satisfaction of the 1989 Judgment. (*Id.*)

On March 27, 2008, Mulderig sought an Order to Show Cause in Rockland County seeking to vacate the Levy. He argued, *inter alia*, that the Jarrett Estate's assignment of the 1989 Judgment was invalid, and that it had already been satisfied. (*Id.* Ex. 13.) On May 19, 2008, Justice William A. Kelly denied Mulderig's application, finding that (1) "[t]here is no documentary evidence . . . that the judgment was ever satisfied," and (2) "[Mulderig's] argument that [ECA is] not the equitable owner of the judgment is not supported by the facts made known

to this court . . . ." (*Id.* Ex. 15.) Mulderig requested reconsideration of his application, which Justice Kelly denied on June 26, 2008. (*Id.* Ex. 19.) Although Mulderig filed a Notice of Appeal on the same day that his motion for reconsideration was denied, he has not pursued that appeal in the New York State Appellate Division. (*Id.* ¶ 8 & Ex. 21.)

Meanwhile, in Orange County, Mulderig's Goshen property was purchased by ECA in a Sheriff's Sale conducted on June 25, 2008. (*Id.* Exs. 22-23.) On approximately June 27, 2008, Mulderig sought to vacate the sale by seeking an Order to Show Cause in the Orange County Supreme Court. (*Id.* Ex. 23.) On October 8, 2008, Justice Joseph G. Owen denied Mulderig's application, finding that "[t]he identical issue raised by defendant herein, i.e., his purported satisfaction of the underlying judgment, has been litigated and decided by the Supreme Court, Rockland County." (*Id.* Ex. 27.)

Mulderig submitted the instant motion pursuant to Rule 60(b) on July 14, 2008, arguing that the 1989 Judgment was procured by fraud and that it had been satisfied. After numerous submissions by the parties, the Court conducted argument on the motion on September 26, 2008. At the conference, counsel for ECA represented to the Court that, "[w]e have no intention to take [Mulderig's Rockland County] house. He can live in this house as long as he and his wife are alive." (Transcript of Sept. 26, 2008 Conference ("Tr.") at 19:13-15.) The Court concluded the argument by reserving judgment on the Rule 60(b) motion and granting the parties' request to file additional submissions.

However, on November 17, 2008, Mulderig requested an injunction of a sheriff's sale that was to be conducted on November 18, 2008 on his interest in his Rockland County residence. The Court granted the request and enjoined the sale in order to allow it to first resolve the pending motion. (*See* Order dated Nov. 17, 2008 (Doc. No. 44).)

3

II.  Discussion

Mulderig presents three principal arguments.  First, he argues that ECA lacks standing to oppose his motion.  Next, he contends that, pursuant to Rule 60(b)(3), the 1989 Judgment was procured by fraud.  Finally, pursuant to Rule 60(b)(5), Mulderig argues that the 1989 Judgment has actually been satisfied.

ECA argues that it received a valid assignment of the 1989 Judgment and thus has standing in this action to oppose Mulderig's motion.  In response to Mulderig's Rule 60(b) arguments, ECA first asserts that his contentions are barred by collateral estoppel due to the decisions of the New York courts.  ECA also argues that Mulderig's arguments are unsupported by the record, and that they do not meet the standard for relief under Rule 60(b).  Finally, ECA has submitted a "cross-motion," without the Court's permission, seeking an order barring Mulderig from challenging the 1989 Judgment without first obtaining written permission from the Court.

The Court concludes that Mulderig's arguments do not merit the relief he seeks.  However, for the reasons set forth below in Section II.C, ECA's application for injunctive relief is likewise denied.

A.  ECA's Standing

ECA, as an assignee of Dr. Jarrett, may properly oppose Mulderig's motion.  In October 2007, a successor to Dr. Jarrett's estate assigned the 1989 judgment to ECA.  (Jarrett Aff. ¶ 4 & Ex. D.)  The assignment was made in exchange for consideration paid by ECA, and Dr. Jarrett's estate "transfer[ed] without recourse to [ECA] the entire Judgment . . . ." (*Id.* Ex. D.)

Mulderig argues unpersuasively that the assignment is invalid because of an earlier assignment allegedly made between Dr. Jarrett and Mary Morton Parsons on November 15,

1988. (*Id.* Ex. 39.) The same argument was rejected by Justice Kelly in Rockland County, who found that it was "not supported by the facts . . . ." (*Id.* Ex. 15 at 2.) Accordingly, based on well-established principles of collateral estoppel, *see, e.g.*, *Envtl. Def. v. EPA*, 369 F.3d 193, 202 (2d Cir. 2004), which apply with equal force to the decisions of state courts, *see, e.g.*, *Allen v. McCurry*, 449 U.S. 90, 94 (1980), Mulderig is precluded from re-litigating this issue.

Moreover, the Rockland County Court plainly reached the correct result. Judge Kelly characterized the assignment as collateral used to secure a Settlement and Release Agreement between Parsons, Jarrett, and Plaintiff B. Roland Freasier (*id.* Ex. 15 at 2), which is consistent with the express terms of the document (*id.* Ex. 39 at 1.). The assignment agreement stated that "Jarrett . . . may sell, convey or otherwise exercise any rights that [he] may have with respect to such property in [his] own name[] . . . ." (*Id.* at 2.) Thus, the 1988 assignment did not limit Jarrett's ability to subsequently assign the 1989 Judgment to ECA.

Having concluded that the 1989 Judgment was validly assigned, ECA now stands in Jarrett's shoes with respect to Plaintiffs' rights against Mulderig. *See LaSala v. Needham & Co., Inc.*, No. 04 Civ. 9237 (SAS), 2006 WL 452024, at *4 (S.D.N.Y. Feb. 24, 2007) (quoting *Connecticut v. Physicians Health Servs.*, 287 F.3d 110, 117 n.8 (2d Cir. 2002)). Therefore, ECA has standing to oppose Mulderig's motion.

### B. Mulderig's Rule 60(b) Motion

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Motions asserting that the judgment has been satisfied under Rule 60(b)(5) must be brought "within a reasonable time." Fed. R. Civ.

P. 60(c)(1).  However, a motion attacking a judgment on the basis of fraud must be brought "no more than a year after the date of the entry of the judgment." *Id.*

1. Rule 60(b)(3)

Mulderig first argues that the 1989 Judgment was procured by fraud under Rule 60(b)(3).  "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted).  Such a motion "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Mulderig makes two contentions in support of his Rule 60(b)(3) argument.  He asserts that he did not sign the May 1988 Confession of Judgment (Tr. at 21:14, 17-24), and he questions the authenticity of that document and the promissory notes that were filed in connection with the entry of the 1989 Judgment.  (*See* "Affirmation of William M. Mulderig in Support of Rule 60 Motion," dated July 12, 2008, ¶ 12).  These arguments fall far short of the standard for Rule 60(b)(3) relief.

First, the argument is time-barred because more than one year has elapsed since the 1989 Judgment was entered.  *See* Fed. R. Civ. P. 60(c)(1).  Second, Mulderig's initial fraud-based challenge to the entry of judgment was soundly rejected by Judge Conboy in 1989.  In fact, Mulderig submitted an affidavit to Judge Conboy suggesting that he *did* sign the Confession of Judgment: "[F]acts have come to light . . . which if I had known in 1980, or known prior to the time I entered into this Confession of Judgment, would have induced me not to sign any Judgment."  (Goldstein Aff. Ex. 5 ¶ 9 (emphasis added).)  Judge Conboy's ruling is the law of

this case, and the Court will not revisit the argument. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Finally, even if the Court were to consider the argument on its merits, Mulderig has not offered "clear and convincing evidence of material misrepresentations." *Fleming*, 865 F.2d at 484. Indeed, he has proffered almost no competent evidence in support of his conclusory assertions that the Confession of Judgment or the underlying promissory notes are forgeries. Accordingly, Mulderig is not entitled to relief from the 1989 Judgment on this basis.

### 2. Rule 60(b)(5)

Mulderig next argues that he is entitled to relief under Rule 60(b)(5) because the 1989 Judgment has been satisfied. However, Mulderig has presented this argument to the New York Supreme Court in both Rockland and Orange Counties. (Goldstein Aff. Exs. 13, 16.) Both courts properly rejected it (*id.* Exs. 15, 19), and a final judgment has been entered in Rockland County in partial reliance on that court's finding that the 1989 Judgment has not been satisfied (*id.* Ex. 20). Consequently, as with his challenge to the validity of the assignment to ECA, Mulderig is collaterally estopped from arguing that the 1989 Judgment has been previously satisfied. *See Allen*, 449 U.S. at 90-94. Thus, Mulderig is not entitled to relief under Rule 60(b)(5).

\*   \*   \*

In conclusion, the 1989 Judgment has now been revisited twice in this District — once by Judge Conboy and once by this Court — and twice in the courts of New York State. The Court has been mindful of Mulderig's *pro se* status, and afforded him with ample opportunity to present his arguments. Having considered these arguments and the documentation he has

provided, the Court readily concludes that there is no reason to doubt that the 1989 Judgment is procedurally valid as it stands today. Nevertheless, the Court expects that ECA will seek satisfaction of the judgment in a manner that is consistent with its representations at the September 26, 2008 conference, particularly with respect to Mulderig's home.

## C. ECA's "Cross-Motion"

On November 7, 2008, in connection with its opposition to Mulderig's motion, ECA submitted a "cross-motion" seeking an order barring Mulderig from challenging the validity of the 1989 Judgment without the Court's permission. However, ECA did not request this relief at the September 26, 2008 conference, it did not submit a pre-motion letter pursuant to Rule 2.A of my Individual Practices, and it did not obtain permission to file such a motion. These failures are more than just procedural shortcomings — Mulderig has had neither notice of nor an opportunity to respond to ECA's application. Moreover, contrary to ECA's contention, Mulderig has not, at this point, abused the judicial process to the same extent as the plaintiff in *Malley v. New York City Board of Education*, 112 F.3d 69 (2d Cir. 1997). Finally, the Court is not inclined to undertake a supervisory role over ECA's efforts to enforce the 1989 Judgment in other jurisdictions, and it is unclear that the Court possesses the authority to do so in the context of a closed case that has been resolved by the entry of judgment nearly twenty years ago. Thus, ECA's request is denied.

## III. Conclusion

For the reasons stated above, the Court finds that Mulderig has failed to establish that he is entitled to the relief sought under the Federal Rules of Civil Procedure. Accordingly, the

motion for Rule 60(b) relief is DENIED. ECA's application for injunctive relief is likewise DENIED.

SO ORDERED.

Dated:  December 15, 2008
        New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE