UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/09
```

B. ROLAND FREASIER, JR. and ALVIN Q. JARRETT,

      Plaintiffs,

-v-

WILLIAM M. MULDERIG, *et al.*,

      Defendants.

No. 87 Civ. 6327 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

  The Court is in receipt of Defendant William Mulderig's August 24, 2009 motion, which seeks Relief from a Judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and requests that the Court temporarily stay a property sale that is allegedly scheduled for the morning of August 25, 2009.

  In an order dated April 27, 2009, this Court noted that Mulderig's pre-motion letter, which sought permission to try for the fifth time to attack a judgment entered against him in 1989, had "provide[d] no legal or factual basis for either revisiting the Court's previous conclusion or enjoining any state court proceedings related to the judgment." *See Freasier v. Mulderig*, 87 Civ. 6327 (RJS) (S.D.N.Y. April 27, 2009). The Court nevertheless granted Mulderig permission to file a Rule 60 motion.

  Roughly four months later, Mulderig has done so, but has failed to cure the deficiency noted in the Court's previous order. He continues to assert that the 1989 judgment against him was procured by fraud. However, as this Court explained in its December 15, 2008 order, Rule 60(c)(1) requires that a Rule 60(b) motion seeking relief on the grounds of "fraud . . ., misrepresentation, or



misconduct by an opposing party" be brought "no more than a year after the entry of the judgment" being attacked. *See Freasier v. Mulderig*, No. 87 Civ. 6327 (RJS), 2008 WL 5250370, at 6 (S.D.N.Y. Dec. 15, 2008). To the extent that Mulderig's motion is based on fraud, misrepresentation, or misconduct, it is time barred under Rule 60(c)(1). While he also cites Rule 60(b)(4), which permits relief if "the judgment is void," and Rule 60(b)(6), which permits relief for "any other reason that justifies relief," he has provided no grounds to believe that either of these subsections is implicated, other than as a duplicative repackaging of his conclusory fraud allegations. Mulderig's motion for relief from judgment is therefore DENIED.

Mulderig also asks the Court to stay an imminent sale of property. This request appears to be predicated on the underlying 60(b) motion, and therefore would fail for the reasons just given. However, Mulderig also notes that the executor of his wife's estate "was just appointed and has had no time to familiarize himself with the issue." To the extent that this represents a separate argument for staying the sale, it likewise fails to satisfy the requirements for a stay of this nature and is therefore DENIED.

SO ORDERED.

Dated:   August 24, 2009
         New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

2